JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 4941

- - - - - - - - - - - - - - - - x

JOHN WILEY & SONS, INC.,          :

            Plaintiff,   :

     -against-                     :          12 Civ.

JOHN DOE NOS. 1-20,               :

          Defendants.   :

- - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiff John Wiley & Sons, Inc. ("Wiley"), for its complaint against defendants John Doe Nos. 1-20, avers:

### Nature of the Action

1.   Wiley is bringing this action to obtain legal and equitable relief to remedy defendants' willful infringement of Wiley's copyright and trademarks. Defendants, whose identities are presently unknown to Wiley, have engaged in the illegal copying and distribution of Wiley's trade book entitled The Six-Figure Second Income through the peer-to-peer file sharing software known as BitTorrent.

### Jurisdiction and Venue

2.   This Court has subject matter jurisdiction over the first three claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the

Copyright Act, 17 U.S.C. § 101 et seq., or the Lanham Act, 15 U.S.C. § 1051 et seq.  This Court has subject matter jurisdiction over the fourth claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.   Upon information and belief, defendants are subject to the personal jurisdiction of this Court pursuant to either New York C.P.L.R. § 301, because defendants reside in this State, or New York C.P.L.R. § 302(a)(2), because defendants have committed a tortious act within this state. The basis for the allegation that defendants reside in this State is evidence generated from software purchased from the website www.IP2Location.com, based upon the input of the IP address.

4.   Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1400(a), because all defendants are subject to jurisdiction in this State, and 28 U.S.C. § 1391(b)(1), because certain defendants reside in this District and all defendants are subject to personal jurisdiction in this State.

Parties

5.    Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business in Hoboken, New Jersey.

6.    Defendants are natural persons whose identities are currently unknown to Wiley.  Defendants have used the Internet protocol addresses ("IP addresses") set forth on Schedule A at the dates, times and locations indicated.  Upon information and belief, defendants accessed, copied and distributed Wiley's work entitled The Six-Figure Second Income through the networks of the Internet Service Providers listed on Schedule A.

7.    Pursuant to Fed. R. Civ. P. 20(a)(2), the defendants are properly joined in this action.  Each of the defendants has downloaded and distributed the same digital file of the same copyrighted work as members of the same "swarm," as evidenced by their use of the same Torrent Hash Value, B13C7873062C5B28BD98B3602492022898F799A8, in a series of related transactions utilizing BitTorrent software, within a limited period of time.

The Business of Wiley

8.    Founded in 1807, Wiley is one of the world's largest publishers of books and journals.  Each year, Wiley

3

publishes hundreds of new scholarly books and thousands of scholarly journal articles in fields including, but not limited to, science, computers and medicine.

9.   The works that Wiley publishes are written and edited by experts in their respective fields.  As its standard practice, Wiley generally requires its authors to assign their copyright in a work to Wiley.

10.  Wiley invests significant monies to publish its copyrighted works.  Wiley, for example, incurs substantial costs in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

11.  Wiley earns a substantial portion of its revenue from the publication of its copyrighted works and would suffer serious financial injury if its copyrights were not enforced.  A substantial decline in its income could cause Wiley to cease publishing one or more deserving books or journals.

12.  Wiley's authors invest significant time and resources into writing their books.  In return for assigning the copyrights in their works to Wiley, authors earn substantial revenue from royalties paid from the sales of works, including the work that is the subject of this case. A substantial decline in sales would result in financial

4

injury to Wiley's authors, and could cause some authors to stop writing books altogether.

13.   Wiley also owns numerous trademarks that it uses to differentiate its products from those of its competitors.   Among its most well-known trademarks is "WILEY" and the "JW Colophon" (Wiley's Trademarks).

### The Infringing Acts of Defendants

14.   Defendants, without Wiley's consent, have made copies of Wiley's copyrighted work containing Wiley's Trademarks through peer-to-peer file sharing software known as BitTorrent.

15.   When using BitTorrent software, users simultaneously receive and send portions of a particular file.   By exchanging these pieces of data with numerous other users, or "peers," BitTorrent users receive and distribute copies of the entire work.   After completing a download, a BitTorrent user continuously distributes copies of the file to other peers until he or she manually disconnects from the software.

16.   By using BitTorrent software to download and distribute Wiley's copyrighted works, defendants have knowingly and purposefully infringed, and induced others to infringe Wiley's copyrighted works.

17.  Defendants are contributing to a problem that threatens the profitability of Wiley.  Although Wiley cannot determine at this time the precise amount of revenue that it has lost as a result of the peer-to-peer file sharing of its copyrighted works through BitTorrent software, the amount of that lost revenue is enormous.

FIRST CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

18.  Wiley repeats the averments contained in paragraphs 1 through 17 as if set forth in full.

19.  Wiley has received a United States Certificate of Copyright Registration No. TX-7-293-410 for the work entitled The Six-Figure Second Income (the "Wiley Copyright").

20.  The Wiley Copyright is valid and enforceable.

21.  Defendants have infringed the Wiley Copyright by making unauthorized copies of the work, and distributing those copies over the Internet using BitTorrent software.

22.  Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Wiley. Wiley has no adequate remedy at law for these wrongs and injuries.  Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, attorneys, and all persons

acting in concert with them, from infringing the Wiley Copyright.

23.   Upon information and belief, defendants have committed their infringing acts with actual or constructive knowledge that Wiley's work is protected by copyright and that their actions infringe the Wiley Copyright.  Wiley is therefore entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) Wiley's damages, or alternatively, (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement – 15 U.S.C. § 1114(a))

24.   Wiley repeats the averments contained in paragraphs 1 through 23 above as if set forth in full.

25.   Wiley owns the Wiley Trademarks.

26.   Wiley has obtained United States Trademark Registrations for its Wiley Trademarks, which are set forth on Schedule B.

27.   The Wiley Trademarks are valid and enforceable.

28.   Defendants have infringed the Wiley Trademarks in violation of 15 U.S.C. § 1114(1) by using them on the work that they copied and induced others to copy.

29.   Defendants' acts complained of herein have irreparably damaged Wiley and may continue to do so.  The damage to Wiley includes harm to its goodwill and reputation in the marketplace for which money cannot compensate.  Wiley is particularly concerned that its Wiley Trademarks are used in connection with unauthorized electronic products, which could contain malicious viruses.  Wiley is also concerned that these unauthorized electronic editions of its works may be of inferior quality to the original versions.  Wiley has no adequate remedy at law for these wrongs.  Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from using the Wiley trademarks or any colorable imitation of them.

30.   Defendants have willfully infringed the Wiley Trademarks.  Wiley is therefore entitled to recover (1) defendants' profits from the infringing works, or (2) Wiley's damages.

## THIRD CLAIM FOR RELIEF
(Trademark Counterfeiting – 15 U.S.C. § 1117)

31.   Wiley repeats the averments contained in paragraphs 1 through 30 above as if set forth in full.

32. In connection with the distribution of Wiley's unlawfully reproduced work, defendants have used a counterfeit of the Wiley Trademarks.

33. Based upon defendants' use of the counterfeit marks in connection with the distribution of the unlawfully reproduced work, Wiley is entitled to treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c).

<u>FOURTH CLAIM FOR RELIEF</u>
(Common Law Unfair Competition)

34. Wiley repeats the averments contained in paragraphs 1 through 33 above as if set forth in full.

35. Defendants' acts complained of herein have irreparably damaged Wiley and may continue to do so. The damage to Wiley includes harm to its goodwill and reputation in the marketplace for which money cannot compensate. Wiley has no adequate remedy at law for these wrongs and injuries. Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them from using Wiley's trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, Wiley demands judgment:

A.   Preliminarily and permanently enjoining defendants and their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Wiley Copyright in violation of 17 U.S.C. § 101;

B.   Awarding Wiley its damages or defendants' profits, or alternatively, statutory damages, as a result of defendants' infringement of the Wiley Copyright;

C.   Preliminarily and permanently enjoining defendants and their agents, servants, employees, and attorneys and all those acting in concert with them, from infringing and counterfeiting the Wiley Trademarks in violation of 15 U.S.C. § 1114(1);

D.   Awarding Wiley treble damages and/or treble defendants' profits from their willful infringement, counterfeiting, and/or false designation of origin of Wiley's Trademarks pursuant to 15 U.S.C. § 1117(a) and (b); or alternatively, statutory damages pursuant to 15 U.S.C. § 1117(c);

E.   Awarding Wiley its costs in this action, including its reasonable attorney's fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

F.   Awarding Wiley punitive damages in an amount to be determined by the trier of fact in this action; and

G.    Granting such other and further relief as to
this Court seems just and proper.

Dated:   New York, New York
         June 22, 2012

                        DUNNEGAN & SCILEPPI LLC

                        By _William Dunnegan_
                           William Dunnegan (WD9316)
                           wd@dunnegan.com
                           Benjamin Liebowitz (BL1723)
                           bl@dunnegan.com
                        Attorneys for Plaintiff
                           John Wiley & Sons, Inc.
                        350 Fifth Avenue
                        New York, New York 10118
                        (212) 332-8300

Schedule A

John Doe No. 1

| | |
|---|---|
| Date/time | 6/21/2012 - 4:31 PM E.D.T. |
| IP address | 72.229.224.67 |
| ISP | Road Runner Holdco LLC |
| Defendant's Location | New York, New York |

John Doe No. 2

| | |
|---|---|
| Date/time | 6/21/2012 - 4:31 PM E.D.T. |
| IP address | 66.108.85.81 |
| ISP | Road Runner Holdco LLC |
| Defendant's Location | New York, New York |

John Doe No. 3

| | |
|---|---|
| Date/time | 6/21/2012 - 4:31 PM E.D.T. |
| IP address | 24.90.6.72 |
| ISP | Road Runner Holdco LLC |
| Defendant's Location | New York, New York |

John Doe No. 4

| | |
|---|---|
| Date/time | 6/21/2012 - 4:31 PM E.D.T. |
| IP address | 68.173.74.34 |
| ISP | Road Runner Holdco LLC |
| Defendant's Location | New York, New York |

John Doe No. 5

| | |
|---|---|
| Date/time | 6/14/2012 - 4:34 PM E.D.T. |
| IP address | 173.56.82.193 |
| ISP | Verizon Online LLC |
| Defendant's Location | New York, New York |

John Doe No. 6

| | |
|---|---|
| Date/time | 6/21/2012 - 4:31 PM E.D.T. |
| IP address | 71.183.105.101 |
| ISP | Verizon Online LLC |
| Defendant's Location | New York, New York |

John Doe No. 7

| | |
|---|---|
| Date/time | 6/14/2012 - 4:34 PM E.D.T. |
| IP address | 32.167.196.33 |
| ISP | AT&T Global Network Services LLC |
| Defendant's Location | Bronxville, New York |

John Doe No. 8

| | |
|---|---|
| Date/time | 6/14/2012 - 4:34 PM E.D.T. |
| IP address | 184.9.85.13 |
| ISP | Frontier Communications of America, Inc. |
| Defendant's Location | Poughkeepsie, New York |

John Doe No. 9

| | |
|---|---|
| Date/time | 6/14/2012 - 4:34 PM E.D.T. |
| IP address | 50.52.8.63 |
| ISP | Frontier Communications of America, Inc. |
| Defendant's Location | Rochester, New York |

John Doe No. 10

| | |
|---|---|
| Date/time | 6/14/2012 - 4:34 PM E.D.T. |
| IP address | 184.18.62.171 |
| ISP | Frontier Communications of America, Inc. |
| Defendant's Location | Rochester, New York |

John Doe No. 11

| | |
|---|---|
| Date/time | 6/14/2012 - 4:34 PM E.D.T. |
| IP address | 184.10.229.20 |
| ISP | Frontier Communications of America, Inc. |
| Defendant's Location | Rochester, New York |

John Doe No. 12

| | |
|---|---|
| Date/time | 6/14/2012 - 4:34 PM E.D.T. |
| IP address | 69.117.29.212 |
| ISP | Optimum Online |
| Defendant's Location | Bay Shore, New York |

John Doe No. 13

| | |
|---|---|
| Date/time | 6/14/2012 - 4:34 PM E.D.T. |
| IP address | 67.87.156.98 |
| ISP | Optimum Online |
| Defendant's Location | Bronxville, New York |

John Doe No. 14

| | |
|---|---|
| Date/time | 6/21/2012 - 4:31 PM E.D.T. |
| IP address | 24.191.203.225 |
| ISP | Optimum Online |
| Defendant's Location | Brooklyn, New York |

John Doe No. 15

| | |
|---|---|
| Date/time | 6/14/2012 - 4:34 PM E.D.T. |
| IP address | 50.29.81.118 |
| ISP | Optimum WiFi |
| Defendant's Location | Hicksville, New York |

John Doe No. 16

| | |
|---|---|
| Date/time | 6/14/2012 - 4:34 PM E.D.T. |
| IP address | 173.229.65.155 |
| ISP | Optimum WiFi |
| Defendant's Location | Hicksville, New York |

John Doe No. 17

| | |
|---|---|
| Date/time | 6/21/2012 - 4:31 PM E.D.T. |
| IP address | 173.229.66.71 |
| ISP | Optimum WiFi |
| Defendant's Location | Hicksville, New York |

John Doe No. 18

| | |
|---|---|
| Date/time | 6/21/2012 - 4:31 PM E.D.T. |
| IP address | 74.77.250.27 |
| ISP | Road Runner Holdco LLC |
| Defendant's Location | Buffalo, New York |

John Doe No. 19

| | |
|---|---|
| Date/time | 6/14/2012 – 4:34 PM E.D.T. |
| IP address | 24.59.156.132 |
| ISP | Road Runner Holdco LLC |
| Defendant's Location | Syracuse, New York |

John Doe No. 20

| | |
|---|---|
| Date/time | 6/21/2012 – 4:31 PM E.D.T. |
| IP address | 96.238.100.39 |
| ISP | Verizon Online LLC |
| Defendant's Location | Poughkeepsie, New York |